THE HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>APRIL CORMELIUS MILLER,<br>Defendant. | No. CR25-107-KKE<br><br>UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Note on Motion Calendar:<br>June 10, 2026 |

April Miller, through counsel, moves this Court to terminate her remaining period of supervised release under 18 U.S.C. § 3583(e)(1) because the statutory purposes of sentencing have been fulfilled and early termination is "warranted by the conduct of the defendant and the interest of justice." The government, by AUSA Jaqueline Pecaro, does not oppose early termination. U.S. Probation, by U.S. Probation Officer Malek, has indicated that it will not support termination until it receives a 1099 form verifying Ms. Miller's employment. It anticipates receiving that within a week.[1]

[1] U.S. Probation Officer Malek has spoken with Ms. Miller's employer and seems not to dispute that Ms. Miller is paid $9,000 per month for full-time work as a contract paralegal. *See* Ex. 1. Officer Malek expressed concern, however, that Ms. Miller's employer has not yet paid his 2026 taxes, does not use a professional accounting firm, previously represented Ms. Miller, and pays her rent as part of her compensation. Undersigned counsel does not believe any of these concerns are relevant here.



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

## I. BACKGROUND AND PROCEDURAL HISTORY

In May 2018, following her conviction on two counts of wire fraud, the Honorable Timothy Cain in the District of South Carolina sentenced Ms. Miller to 135 months' custody, followed by three years of supervised release.

Ms. Miller served approximately five years in custody before the BOP released her to home detention in June 2022. At that point, Ms. Miller suffered from a number of medical conditions that made her particularly vulnerable to the COVID-19 pandemic and were difficult to treat in the Bureau of Prisons. Then, in December 2024, President Biden commuted Ms. Miller's sentence. U.S. Probation has supervised Ms. Miller for approximately 19 months.

Ms. Miller's health remains precarious. Each day, she takes twenty-one medications for ailments ranging from diabetes, to skin rashes, to obesity, to sickle-cell trait, to thyroiditis. Most significantly, Ms. Miller's diaphragm is partially paralyzed, which makes it difficult for her to breathe and restricts her ability to walk.[2] Ms. Miller recently learned that a nodule in her thyroid appears to be cancerous. Ms. Miller works remotely as a contract paralegal for the Emerald City law firm, a position she has held for approximately three years. Ex. 1. She orders groceries delivered and requires help maintaining her home.

Ms. Miller has had no contact with law enforcement since being released from BOP custody in 2022. She has no further court-ordered financial obligations.

## II. THIS COURT SHOULD EXERCISE ITS DISCRETION TO GRANT EARLY TERMINATION OF SUPERVISED RELEASE.

After a year of supervision for a felony offense, § 3583(e)(1) allows this Court to "terminate a term of supervised release previously ordered and discharge the defendant

---

[2] *See generally* "Paralyzed Diaphragm," Cedars-Sinai (2026), https://www.cedars-sinai.org/health-library/diseases-and-conditions/p/paralyzed-diaphragm.html [https://perma.cc/G2EL-NR9Y].



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

. . . if it is satisfied that such action is warranted by the conduct of the defendant and the interests of justice." 18 U.S.C. § 3583(e)(1). The Ninth Circuit has stated that early termination of supervised release is not reserved for rare cases of exceptionally good behavior. Rather, "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Ponce*, 22 F.4th 1045, 1047 (2022) (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014), which quoted 18 U.S.C. § 3583(e)(1)).

When deciding whether to impose, modify, or terminate supervised release, § 3583(e) directs courts to consider the person's background; the need for the sentence to deter criminal conduct, protect the public, and provide necessary correctional treatment; the guidelines and policy statements; sentence disparities; and the need to provide restitution for victims. *See* 18 U.S.C. § 3583(e) (referencing the factors in 18 U.S.C. § 3553(a) except the need for retribution, § 3553(a)(2)(A), and the kinds of sentences available, § 3553(a)(3)). In sum, early termination of supervised release is appropriate following one year of compliance where the record shows that further supervision is not necessary. *Ponce*, 22 F.4th at 1047 (district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination).

The Sentencing Commission recently revised Chapter 5, Part D, of the Guidelines Manual to encourage Courts to exercise greater individualized discretion about when and whether to modify conditions or to terminate supervision early. Amendments to the Sentencing Guidelines at 32 (U.S. Sent'g Comm'n Apr. 30, 2025), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202505_RF.pdf [https://perma.cc/2VBQ-3HMZ].[3] The commentary to the

[3] The effective date for the amendments is November 1, 2025.



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

amendment policy statement governing modification and termination of supervision includes a non-exhaustive list of factors to consider when determining whether to terminate supervision early. These factors include "the ability of the defendant to lawfully self-manage," "the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision," and "a demonstrated reduction in risk level." *Id*. at 54. The Commission reasoned that "[p]eople and their circumstances may change in and after prison, such that the original term and conditions may no longer be appropriate after the defendant's release. Courts are encouraged to consider modifying the terms and conditions of supervised release whenever changed individual circumstances so warrant." *Id*. at 34.

The Judicial Conference of the United States also has issued guidance regarding early termination. It states there is a presumption in favor of recommending early termination for offenders who have been under supervision for 18 months and meet certain criteria. Those criteria were substantially revamped in 2018 to "reflect[] a shift in focus from coercing a person to act lawfully to monitoring and fostering a person's ability to self-manage lawful behavior and desire to act lawfully." *United States v. Shaw*, 445 F.Supp.3d 1160, 1165 (D. Colo. 2020).

//

//

//



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

| Monograph 109, *Supervision of Federal Offenders*, § 380.10 (2017 Version) | Guide to Judiciary Policy, *Post-Conviction Supervision*, § 360.20 (2018—Present) |
|---|---|
| (1) stable community reintegration (e.g., residence, family, employment);<br>(2) progressive strides toward supervision objectives and in compliance with all conditions of supervision;<br>(3) no aggravated role in the offense of conviction, particularly large drug or fraud offenses;<br>(4) no history of violence;<br>(5) no recent arrests or convictions;<br>(6) no recent evidence of alcohol or drug abuse;<br>(7) no recent psychiatric episodes;<br>(8) no identifiable risk to the safety of any identifiable victim;<br>(9) no identifiable risk to public safety based on the Risk Prediction Index. | (1) The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;<br>(2) The person presents no identified risk of harm to the public or victim;<br>(3) The person is free from any court-reported violations over a 12-month period;<br>(4) The person demonstrates the ability to lawfully self-manage beyond the period of supervision;<br>(5) The person is in substantial compliance with all conditions of supervision; and<br>(6) The person engaged in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision. |

*Id.* Notably, the Judicial Conference *removed* the factor of looking at an individual's <u>history</u> and instead encouraged decisionmakers to focus on the person's current behavior while on supervision.

These factors identified by the Sentencing Commission and Judicial Conference favor early termination here. considering her health problems, consistent employment, and compliance with various forms of supervision since 2022, Ms. Miller presents "no identified risk of harm to the public or victim." Further, Ms. Miller plainly has demonstrated the ability to "lawfully self-manage beyond the period of supervision" and has "engaged in proper prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision." *Id.* § 360.20(c)(4), (6). Continued supervision is both discouraging to Ms. Miller—in that it sends the message that she remains a criminal who cannot be trusted in the community—and a poor use of Probation resources that could be better devoted to people who need supervision.



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

## III. CONCLUSION

For the reasons presented above, Ms. Miller respectfully requests termination of the remaining period of supervised release.

DATED this 10th day of June 2026.

Respectfully submitted,

s/ *Gregory Murphy*
Assistant Federal Public Defender
Attorney for April Miller

I certify this motion contains 1,345 words in compliance with the Local Criminal Rules.



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**