# Exhibit 1

**From:** April [redacted]
**Sent:** Thursday, July 23, 2026 3:15 PM
**To:** Gregory Murphy [redacted]
**Subject:** Re:

EXTERNAL SENDER

Greg,

After reviewing the Probation Office's Supplemental Response, I believe there are several additional points that should be included in our reply to the Court.

First, Probation now acknowledges that my 2025 Form 1099 supports the legitimacy of my employment. This resolves the primary concern raised in their original opposition regarding whether my employment was legitimate. Rather than identifying any violation of my supervised release conditions or unlawful conduct, the supplemental response merely expresses concerns about the "nature" of my employment and how my employer operates his business. My current employment has nothing to do with the offense for which I was convicted, and there is no evidence that my employment presents any risk to the public.

I also believe it is important to explain that my release was not automatic. I earned my release under the First Step Act through my commitment to rehabilitation and by successfully participating in Bureau of Prisons evidence-based recidivism reduction programming and productive activities. During my incarceration, I chose to use my time to better myself rather than simply serve my sentence. I earned my Associate Degree in Christian Counseling, completed numerous counseling, cognitive thinking, and personal development classes offered through the Bureau of Prisons, and obtained my cosmetology license. These accomplishments demonstrate that I embraced the opportunity to change my life and prepared myself to become a productive member of society.

Since my release from Bureau of Prisons custody in June 2022, I have continued on that same path. For more than four years, I have remained law-abiding, maintained employment, complied with every condition imposed upon me, and worked diligently to rebuild my life. I have not committed any new criminal offenses or violated the conditions of my supervision. My conduct since my release demonstrates that the rehabilitation I began while incarcerated has continued long after I returned to the community.

I am also currently on the Probation Office's step-down reporting status. My supervision has been reduced to primarily submitting monthly reports and completing reporting paperwork. This reflects that I require only minimal supervision and have earned the Probation Office's trust through my compliance and responsible conduct.

The Court should also be made aware of the extraordinary medical challenges I continue to face. Since my release, I have battled thyroid cancer, undergone multiple surgeries, and continue to suffer from numerous chronic medical conditions. I currently take approximately **26 prescription medications** every day and still have additional surgeries ahead of me. My physicians have advised that these procedures will require **months of rehabilitation and recovery**. Despite these significant health challenges, I continue to follow my physicians' recommendations, attend my medical appointments, comply with my treatment plans, and remain focused on healing my body. At the same time, I have continued to comply with every condition of supervised release, maintained lawful employment, and worked to rebuild my life. My energy and focus are directed toward improving my health, continuing my recovery, and remaining a productive member of society.

The Probation Office itself acknowledges that I am a low risk to reoffend, that I am not associating with negative peers, that my employment is legitimate, and that I have performed well while on supervision. These findings support the conclusion that the objectives of supervised release have been achieved.

I am also concerned that the supplemental response relies heavily on events that occurred many years ago instead of focusing on my conduct since my release. My current conduct demonstrates rehabilitation, accountability, and a commitment to living a law-abiding life. The purpose of supervised release is to assist individuals in successfully reintegrating into society, and I believe my record reflects that I have achieved those goals.

Could you also research and include any applicable Supreme Court, Ninth Circuit, or other persuasive federal case law interpreting 18 U.S.C. § 3583(e)(1) that supports early termination based on demonstrated rehabilitation, long-term compliance, successful reintegration into the community, minimal supervision needs, the absence of violations, and the principle that continued supervision should be based on a present need rather than simply maintaining oversight?

Thank you again for your continued representation and advocacy. I truly appreciate everything you have done on my behalf and your efforts in presenting the strongest possible argument to the Court.

Sincerely,

April Miller