UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff(s),<br>v.<br>APRIL CORMELIUS MILLER,<br>Defendant(s). | CASE NO. CR25-0107-KKE<br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

Defendant April Cormelius Miller was previously sentenced to a three-year term of supervised release, to begin in December 2024, and now requests that the Court terminate her supervision term early. Dkt. Nos. 2, 5. Ms. Miller argues that because she has demonstrated compliance with her supervision conditions to this point, and presents no risk of harm to the public, continuing her supervision term is no longer necessary. Dkt. No. 5 at 5–6. Ms. Miller also notes that she faces significant medical challenges while on supervision. Dkt. No. 13-1 at 3.

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a defendant's term of supervised release after one year of supervision "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." To determine whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, the sentencing range and type established by the

Sentencing Commission, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e)(1) (citing factors listed in 18 U.S.C. § 3553(a)).

Section 3583(e)(1) does not require a defendant to demonstrate "undue hardship" or "exceptionally good behavior." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). Instead, the Court keeps in mind two principles in considering whether termination is warranted. First, supervised release after incarceration is meant to "improve the odds of a successful transition from the prison to liberty." *Johnson v. United States*, 529 U.S. 694, 708–09 (2000). Second, supervised release should "fulfill[] rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59, 60 (2000).

The Court commends Ms. Miller's admirable performance on supervised release thus far, but notes that compliance with her probationary terms is expected and does not alone support early termination. *See, e.g.*, *United States v. Hanich*, No. 2:14-CR-000140-BLW, 2023 WL 2354881, *1 (D. Idaho Mar. 3, 2023) (denying early termination of a five-year supervised release term based on conspiracy to distribute controlled substances "to ensure that [defendant] remains accountable to himself, the Court, and the community"); *United States v. Molina*, No. CR15-0383-JCC, 2021 WL 915140, *1 (W.D. Wash. Mar. 10, 2021) (denying motion for early termination where defendant complied with his release conditions but provided no other reasons for his request).

Moreover, although the Government does not oppose and defers to the Court with respect to Ms. Miller's motion (Dkt. No. 9), Probation opposes it. Dkt. Nos. 7, 12. Probation acknowledges that Ms. Miller presents a low risk to re-offend, but describes concerns with respect to Ms. Miller's employment with her former lawyer, who pays her rent and whose payroll documentation is non-standard. *See* Dkt. No. 12 at 2. Probation further believes that continued supervision "remains appropriate to allow for ongoing adjustment in the community." *Id.* at 3.

The Court agrees, finding that several factors weigh against early termination, including that Ms. Miller's sentence has already been reduced once via President Biden's commutation, and Probation's concerns regarding Ms. Miller's employment. Continuing supervision is commensurate with Ms. Miller's previous wire fraud offenses, and will also assist her in following the commendable path she has traveled thus far with the assistance and support of Probation.

For these reasons, the Court agrees with Probation that Ms. Miller's conduct and the interests of justice do not warrant early termination of supervised release at this time. Ms. Miller's motion (Dkt. No. 5) is thus DENIED.

Dated this 4th day of August, 2026.

Kymberly K. Evanson
United States District Judge